IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01787-PAB

JOSHUA GESS,

     Applicant,

v.

B. TRUE, Warden, FCI – Englewood,

     Respondent.

---

**ORDER DENYING RECUSAL AND RECONSIDERATION**

---

Applicant Joshua Gess is in the custody of the Federal Correctional Institution – Englewood in Littleton, Colorado.  On June 10, 2020, he commenced *pro se* this action under 28 U.S.C. § 2241.  Mr. Gess alleged he is in imminent danger due to his health conditions and the facility's failure to safely manage the COVID-19 pandemic.  He requested release.

On July 8, 2020, I entered an Order of Dismissal [Docket No. 10].  Final Judgment entered the following day [Docket No. 11].  In the Order of Dismissal, I relied on a previous order that held that "§ 2241 is not the proper vehicle for a conditions of confinement claim," and claims regarding a detention facility's handling of the COVID-19 pandemic attack the conditions of confinement, not the fact or duration of confinement. *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *6 (D. Colo. May 27, 2020).  Thus, I determined this § 2241 action is not the appropriate vehicle for Applicant's claims arising from the conditions of his confinement at the FCI –

1

Englewood.  As a result, I dismissed this action without prejudice.  I also noted that

Applicant presents the same allegations and request for relief in his criminal case, No.

19-cr-00507-PAB-1, and in a separate *Bivens* action, No. 20-cv-01790-PAB.

Applicant filed a "Motion for Reassignment of Judge" [Docket No. 12] on July 15,

2020, and an "Objection to Dismissal by Brimmer" [Docket No. 13] on July 14, 2020.  I

must construe Applicant's filings liberally because he is not represented by an attorney.

*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).  For the reasons below, I construe the Objection as a motion for

reconsideration and deny both motions.

**I.      Recusal**

In the "Motion for Reassignment of Judge" [Docket No. 12], Applicant alleges I

am "not a neutral third party" because I am a party to his allegedly unlawful detention.

These allegations are insufficient to warrant recusal and reassignment.

Consideration for disqualifying a judge is governed by 28 U.S.C. § 455(a).

Section 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall

disqualify himself in any proceeding in which his impartiality might reasonably be

questioned."  The standard is "purely objective" and the inquiry is "limited to outward

manifestations and reasonable inferences drawn therefrom."  *United States v. Cooley*, 1

F.3d 985, 993 (10th Cir. 1993).  The decision to recuse is committed to the sound

discretion of the district court.  *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir.

1992) (citation omitted).  A judge has an obligation not to disqualify himself

unnecessarily.  *See Cooley*, 1 F.3d at 994.

Section 455(a) must not be construed so broadly that recusal would be "mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lammle v. Ball Aerospace & Techs. Corp.*, 589 F. App'x 846, 849 (10th Cir. 2014) ("Unfavorable judicial rulings . . . are insufficient grounds for recusal.").

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request that the presiding judge recuse himself based upon personal bias or prejudice either against the moving party or in favor of any adverse party.  Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice.  *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).  "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances."  *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

Applicant has not submitted a timely and sufficient affidavit of personal bias and prejudice.  He fails to make a reasoned argument that would demonstrate an appearance of partiality or bias.  As noted above, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky*, 510 U.S. at 555. Applicant's vague and conclusory allegations fail to establish that I have any personal bias or prejudice against him.  Therefore, I will not recuse myself from this case.

## II.    Reconsideration

In the "Objection to Dismissal by Brimmer" [Docket No. 13], Applicant objects to the dismissal of this § 2241 action.  He asserts the Application included more than his COVID-19 claim, such as unlawful detention and fraud on the court.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  I construe the "Objection to Dismissal by Brimmer" [Docket No. 13] as a motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after entry of the Final Judgment.

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Applicant presents no argument or authority demonstrating I misapprehended the facts, Applicant's position, or the controlling law, and he does not present any newly discovered evidence.  As I explained to Applicant, § 2241 does not provide an avenue for relief arising from the conditions of confinement, and allegations regarding COVID-

19 constitute a challenge to the conditions of confinement.  *See Codner*, 2020 WL 2769938.  Dismissal on this basis remains appropriate.

I remind Applicant that this action was dismissed without prejudice.  If Applicant intends to pursue relief under § 2241, he may file a separate action that contains only requests for relief that are cognizable under § 2241.  If Applicant chooses to do so, he must use the current Court-approved forms which are available on the Court's website, www.cod.uscourts.gov.  Applicant's other matters, Case Nos. 19-cr-00507-PAB-1 and 20-cv-01790-PAB, remain pending.

Accordingly, it is

ORDERED that the "Motion for Reassignment of Judge" [Docket NO. 12] and "Objection to Dismissal by Brimmer" [Docket No. 13], construed as motions for reconsideration, are DENIED.

DATED July 23, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge